■ In the Matter of the Claim of TAMER E. PERRY, Appellant. PHILLIP Ross, as Industrial Commissioner, Respondent.—The record contains substantial evidence to sustain the decision of the Unemployment Insurance Appeal Board. Decision affirmed, without opinion and without costs. (CPLR 5522.) Sweeney, J. P., Kane, Larkin, Herlihy and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD E. WOOLLEY, Appellant.—Appeal from a judgment of the County Court of Saratoga County, rendered October 2, 1975, upon a verdict convicting defendant of the crimes of rape and sodomy in the first degree. The defendant contends that reversible error occurred because the prosecutor in his opening statement referred to the defendant as having "committed vicious and immoral acts in his past history" and because a "mug" shot was admitted in evidence. It is further contended that he was deprived of a fair trial because of repeated references to his prior criminal behavior by the prosecutor and the assigned counsel (Public Defender). We find no substantial merit to these contentions upon this record. While a prosecutor should conscientiously avoid any mention of a criminal past or other matters as to the defendant's character prior to a defendant testifying, the present record establishes that the defendant's counsel from the commencement of the trial had made the jury aware of a potential criminal record and in his opening statement again referred to prior criminal conduct. No objection was taken to the prosecutor's opening remarks and the present record establishes that the defense was employing a deliberate strategem in regard to exposing prior criminal conduct to the attention of the jury. The evidence of guilt was overwhelming and such errors as occurred are not so prejudicial as to suggest that the jury would probably have reached a different result in their absence *(People v Crimmins,* 36 NY2d 230). In any event, no objection was taken as to the statements and "mug" shot and the fact that the defendant did not testify merely reflects trial tactics upon this record. We find no denial of the defendant's right to a fair trial upon the present record. Judgment affirmed. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.